**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**MICHAEL PERRY**                                                                    **PLAINTIFF**
**ADC #096905**

**v.**                                    **No: 5:19-cv-00088 JM-PSH**

**CHRIS HORAN,** *et al.*                                                      **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge James M. Moody Jr.  You may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Michael Perry, an inmate at the Arkansas Department of Corrections' (ADC) Maximum Security Unit (MSU), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on March 11, 2019 (Doc. No. 2).  Although Perry is a three-striker under the Prison Litigation Reform Act (PLRA), the Court found that his complaint allegations met the imminent danger exception to the three-strikes rule and granted his motion to proceed *in forma pauperis* (IFP).  *See* Doc. No. 6.  The Court ordered service of Perry's complaint on Rory Griffin and several medical providers at the MSU (the "Defendants").  *See id.*  Perry's claims against the ADC and Rory Griffin have been dismissed.  *See* Doc. Nos. 3, 29, 30 & 37.  The Defendants filed a motion to revoke Perry's IFP status, asserting that Perry's medical records demonstrate that he was not in fact in imminent

danger of serious physical injury when he filed his complaint (Doc. No. 44-45).  Perry filed a response (Doc. No. 50).

Perry's medical records indicate that he has a non-healing ulcerated wound on the mid tibia of his right lower extremity.  Doc. No. 44-1 at 1.  Perry claims that doctors at the University of Arkansas for Medical Sciences (UAMS) directed his dressings to be changed on a daily basis. Doc. No. 2 at 12-13.  Perry alleges that the Defendants' failure to provide daily dressing changes causes his wound to stay infected.  *Id.* at 10.  Perry sought a temporary restraining order requiring the Defendants to change his leg dressing on a daily basis and to provide medication that does not contain aspirin.  Doc. No. 4 at 6.  Perry's motion for temporary restraining order was denied.  *See* Doc. Nos. 43 & 53.  The Court found that Perry had not shown a threat of irreparable harm because his medical records demonstrated that his leg was not infected and he was receiving medical treatment for and education about his leg wound.  *Id.*  The Court also found that Perry had been advised to keep the leg wound uncovered and not pick on it so that a scab may form and heal.  *Id.*

Under the three-strikes provision of the PLRA, the Court must dismiss a prisoner's *in forma pauperis* action at any time, *sua sponte* or upon a motion of a party, if it determines that the prisoner has

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, ***unless the prisoner is under imminent danger of serious physical injury.***

28 U.S.C. § 1915(g) (emphasis added).  The U.S. Court of Appeals for the Eighth Circuit has explicitly upheld the constitutionality of the three-strikes provision.  *See Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001).

Perry has at least three strikes.  Records in the office of the Clerk of Court for the Eastern District of Arkansas reveal that Perry has strikes in the following cases:  *Perry v. Norris, et al.*, No. 5:97-cv-00461 (dismissed for failure to state actionable claim); *Perry v. Pridgeon, et al.*, 5:96-cv-00327 (same); *Perry v. Norris, et al.*, No. 5:95-cv-00641 (same).  Perry does not dispute that he has more than three strikes.  *See* Doc. No. 50.

As a three-striker, Perry must show that he was in imminent danger of serious physical injury at the time he filed the complaint (*i.e.*, March 2019).  28 U.S.C. § 1915(g); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). The Eighth Circuit has clarified that the imminent danger exception applies only when there is a genuine risk of an "ongoing serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003) (holding that the imminent danger exception did not apply when a prisoner was forced to work outside in extreme weather conditions that did not result in any serious physical injuries).  *See also Ashley*, 147 F.3d at 717 (holding that the imminent danger exception applied when prison officials continued to place a prisoner near his enemies who had previously stabbed him); *McAlphin v. Toney,* 281 F.3d 709, 710-11 (8th Cir. 2002) (holding that the imminent danger exception applied where inmate alleged deliberate indifference to his serious medical needs that resulted in five tooth extractions and a spreading mouth infection requiring two additional extractions).

It is clear that Perry disagrees with the medical treatment he has received in the past and is receiving now.[1]  However, the only issue before the Court is whether Perry was in imminent danger

---

[1] The mere disagreement with one's medical treatment is generally insufficient to state a constitutional claim.  *See, e.g., Reid v. Griffin*, 808 F.3d 1191, 1192 (8th Cir. 2015) (holding that an inmate's disagreement with "diagnosis and treatment decisions is not actionable under § 1983); *Rowe v. Norris*, 198 Fed. Appx. 579, 580-81 (8th Cir. 2006) (no constitutional violation occurred where plaintiff disagreed with the treatment he received); *Bender v. Regier*, 385 F.3d 1133, 1337 (8th Cir. 2004) (holding that negligence in diagnosis or treatment of medical condition is not sufficient to establish a constitutional

of serious physical injury at the time he filed his complaint in March 2019.  If so, he may proceed with those claims directly relating to his alleged imminent danger without paying the full filing fee.  Perry maintains that his medical records do not support revoking his IFP status.  *Id.* at 2.  He also claims that he needed another surgery after filing this lawsuit, *id.* at 5, but he does not specifically describe why he needed that surgery or how he was in imminent danger at the time he filed the lawsuit.  Perry attaches multiple affidavits to his response stating that he was denied dressing changes and pain medication in May and June of 2019.  *Id.* at 7-20.

Perry's medical records support Defendants' argument that Perry has received appropriate medical care for his conditions and was not in imminent danger of serious physical injury when he filed this lawsuit.  Doc. No. 44.  The Court previously described the records relating to Perry's wound treatment from May 25, 2018, through April 20, 2019.  *See* Doc. No. 43 at 2-3.  Between May 2018 and January 2019, Perry was provided pain medication, scheduled for a surgery consult, and seen by doctors at UAMS.  *Id.*  He was repeatedly instructed not to pick at the wound.  *Id.*  In January 2019, Perry refused pain medication because he only wanted Gabapentin.  Doc. No. 44-1 at 5.  No infection was noted at that time.  *Id.*

Perry next submitted a health services request related to his leg wound on March 7, 2019, the day after he signed his complaint.  Doc. No. 44-1 at 6.  Perry was examined by a nurse the next day and referred to a provider.  *Id.* at 7.  The nurse examining Perry on March 8 noted that Perry walked into the infirmary with no trouble, had no fever, and had normal skin color.  *Id.*  The nurse

---

violation); *Prater v. Dep't of Corr.*, 11 Fed. Appx. 668, 669 (8th Cir. 2001) (holding that plaintiff failed to establish deliberate indifference where plaintiff did not allege he was "denied, delayed or refused" treatment, only that specific treatment was not provided); *Jolly v. Knudsen,* 205 F.3d 1094, 1096 (8th Cir. 2000) (mere disagreement with the course of medical treatment is insufficient to state Eighth Amendment claim).

also noted that Perry's leg wound was moist, pink, and covered by Vaseline gauze with no drainage. *Id.* On March 12, 2019, Perry refused a sick call encounter. *Id.* at 9-10. Perry claims that he refused that sick call encounter because he knew that staff would only prescribe medication containing aspirin when Gabapentin is the only effective medication that he can take. *See* Doc. No. 50 at 3-4 (referring to Doc. No. 49). On March 20, 2019, Perry saw a provider and declined all nonsteroidal anti-inflammatory pain medications. Doc. No. 44-1 at 11. He was prescribed Nortriptyline. *Id.* There were no signs or symptoms of infection at that time. *Id.* On April 3, 2019, the medical record indicates that "[i]nmate remains non compliant with wound care, he has been advised to leave wound open to air but unrelenting with covering non healing scabbed wound area, making it moist." *Id.* at 12. Perry was instructed to take medications as prescribed and advised to leave the wound open to air. *Id.* The wound showed no signs or symptoms of infection at that time. *Id.* An orthopedic consult was scheduled for April 9, 2019. *Id.*

Perry was not in imminent danger of serious physical injury when he commenced this action on March 11, 2019. His medical records show that he was receiving medical treatment on a regular basis, and his leg was not infected. Perry has provided no evidence to contradict the information in his medical records. Because Perry's medical records show that he was not in imminent danger of serious physical injury at the time he filed his complaint, his *in forma pauperis* status should be revoked and his complaint dismissed.

IT IS THEREFORE RECOMMENDED THAT:

1.    The Defendants' Motion to Revoke Plaintiff's *In Forma Pauperis* Status (Doc. No. 44) be GRANTED, and this case be DISMISSED WITHOUT PREJUDICE.

2.    Perry's motion for relief (Doc. No. 54) be DENIED as MOOT.

3.      Perry be given thirty days to reopen the case by paying the $400 filing fee in full[2]

and filing a Motion to Reopen.

Dated this 24th day of July, 2019.

_____

UNITED STATES MAGISTRATE JUDGE

---

[2] The Court finds no basis for granting defendants' additional request that Perry pay the United States Marshal's Service for the costs they incurred executing service in this case.